1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                                    EASTERN DISTRICT OF CALIFORNIA

9

10   JAMES D. ALLEN, aka LLORD J.P.          Case No. 1:21-cv-01150-NONE-EPG (PC)
     ALLEN,
11                                           ORDER DENYING PLAINTIFF'S MOTION
                    Plaintiff,               FOR APPOINTMENT OF PRO BONO
12                                           COUNSEL, WITHOUT PREJUDICE
            v.
13                                           (ECF No. 18)
     RASHUAN Q. DEAN, et al.,
14
                    Defendants.
15

16

17          James Allen, also known as Llord Allen ("Plaintiff"), is a state prisoner proceeding

18   *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

19          On December 20, 2021, Plaintiff filed what the Court construes as a renewed motion for

20   appointment of pro bono counsel.  (ECF No. 18).[1]  Plaintiff asks for appointment of counsel

21   because of recent unforeseen events that have had an adverse physical impact on his life; because

22   he is unable to afford counsel; because his imprisonment will greatly limit his ability to litigate

23   and investigate the ongoing additional issues pertaining to this case; and because Plaintiff is

24   seeking injunctive relief.[2]

25          [1] On August 3, 2021, the Court denied Plaintiff's motion for appointment of pro bono counsel, without
     prejudice to Plaintiff renewing the motion at a later stage of the proceedings.  (ECF No. 6).
26          [2] It is not clear if Plaintiff is seeking counsel because he wants to pursue injunctive relief or if he is
     separately asking for injunctive relief.  In the title of his motion, Plaintiff appears to be asking for injunctive relief as
27   well.  However, in his introduction and conclusion he only asks for appointment of counsel.  Moreover, Plaintiff did
     not submit any evidence suggesting that he is entitled to injunctive relief.
28

1    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

2    Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

3    (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

4    U.S.C. § 1915(e)(1).   Mallard v. United States District Court for the Southern District of Iowa,

5    490 U.S. 296, 298 (1989).   However, in certain exceptional circumstances the Court may request

6    the voluntary assistance of counsel pursuant to section 1915(e)(1).   Rand, 113 F.3d at 1525.

7    Without a reasonable method of securing and compensating counsel, the Court will seek

8    volunteer counsel only in the most serious and exceptional cases.   In determining whether

9    "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

10   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

11   complexity of the legal issues involved."   Id. (citation and internal quotation marks omitted).

12   The Court will not order appointment of pro bono counsel at this time.   The Court has

13   reviewed the record in this case, and at this time Court is unable to make a determination that

14   Plaintiff is likely to succeed on the merits of his claims.   Moreover, it appears that Plaintiff can

---

Accordingly, to the extent that Plaintiff is seeking injunctive relief, his request is DENIED without prejudice.  If Plaintiff wishes to request injunctive relief, he should file a separate motion for injunctive relief that identifies the injunction he wants the Court to issue and includes evidence supporting his request for injunctive relief. The Court provides Plaintiff with the following legal standards:

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

1  adequately articulate his claims.

2        Plaintiff is advised that he is not precluded from renewing his motion for appointment of

3  pro bono counsel at a later stage of the proceedings.

4        For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro

5  bono counsel is DENIED without prejudice.

6

7  IT IS SO ORDERED.

8      Dated:   **December 27, 2021**        /s/ *Erica P. Grosjean*

9                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28