1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                           EASTERN DISTRICT OF CALIFORNIA

9

10   JAMES D. ALLEN, aka LLORD J.P. ALLEN,      Case No. 1:21-cv-01150-JLT-EPG (PC)
11                                      Plaintiff,   ORDER DENYING PLAINTIFF'S MOTION
                                                     FOR DEFAULT JUGDMENT
12              v.
                                                     ORDER DENYING PLAINTIFF'S MOTION
13                                                   TO VACATE AND RESET SCHEDULING
                                                     ORDER
14   RASHUAN Q. DEAN,
                                                     ORDER GRANTING PLAINTIFF
15                                     Defendant.    EXTENSION OF TIME TO COMPLY
                                                     WITH ORDER REQUIRING PARTIES TO
16                                                   EXCHANGE DOCUMENTS
17
                                                     ORDER DIRECTING DEFENDANT TO
18                                                   SERVE PLAINTIFF WITH COPY OF
                                                     ANSWER
19
                                                     (ECF Nos. 52 & 53)
20

21          James D. Allen ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action

22   filed pursuant to 42 U.S.C. § 1983.

23          On October 25, 2022, Plaintiff filed a motion for default judgment and a motion to vacate

24   and reset the scheduling order.  (ECF Nos. 53 & 52).

25          As to Plaintiff's motion for default judgment, Plaintiff asks the Court to enter default and

26   default judgment because Defendant failed to file a responsive pleading in compliance with this

27   Court's order, which required Defendant to file his responsive pleading within seven days of

28   September 16, 2022 (ECF No. 45).  Plaintiff also appears to ask the Court to sanction Defendant

                                                    1

1    for failing to timely file his responsive pleading.  This motion will be denied because Defendant

2    filed his answer on September 22, 2022 (ECF No. 48), and thus complied with this Court's order.

3    As it appears that Plaintiff did not receive a copy of the answer, the Court will direct Defendant to

4    serve a copy of the answer on Plaintiff.

5           As to Plaintiff's motion to vacate and reset the scheduling order, Plaintiff asks the Court to

6    "temporarily" vacate the scheduling order and the order requiring the parties to exchange

7    documents until Plaintiff is released from Administrative Segregation ("Ad-Seg").  Plaintiff states

8    that he has been retained in Ad-Seg since September 3, 2022.  Plaintiff has been separated from

9    his personal property, which contains relevant information and research materials.  Additionally,

10   he is not allowed to attend the law library or utilize ASU computers because they are broken, and

11   research via inmate assistance or paging services via mail are insufficient.  Plaintiff has been

12   placed up for transfer, and is also appealing the conditions oppressed upon him, but he is unaware

13   of how long the process will take.

14          The Court will deny Plaintiff's motion to vacate and reset the scheduling order.  Plaintiff

15   has not sufficiently shown that all deadlines in this case should be vacated.  For example, Plaintiff

16   has until February 17, 2023, to file motions to compel, and he has not explained why he will be

17   unable to meet this deadline, which is over three months away.

18          However, the Court finds to good cause to extend Plaintiff's deadline to provide the

19   documents required by the Court's order requiring parties to exchange documents.  If Plaintiff is

20   unable to meet this extended deadline, or any other deadline(s), Plaintiff may file a motion for an

21   extension of time.  If he does, he should identify the particular deadline(s) he needs extended and

22   explain why he needs those particular deadlines extended.

23          The Court notes that its order regarding exchange of documents only applies to documents

24   in the parties' possession, custody, or control.  (ECF No. 47, p. 2).  If Plaintiff does not have

25   access to documents at this time, he does not need to produce them at this time.  If he receives

26   those documents at a later time, he must provide them within thirty days of receiving them.

27          Accordingly, IT IS ORDERED that:

28          1.      Plaintiff's motion for default judgment is denied;

2. Plaintiff's motion to vacate and reset the scheduling order is denied;

3. Plaintiff has sixty days from the date of service of this order to serve opposing counsel with the documents identified in the order requiring parties to exchange documents, to the extent he has them in his possession, custody, or control (ECF No. 47). If Plaintiff does not have access to documents at this time, he does not need to produce them at this time. If he receives those documents at a later time, he must provide them within thirty days of receiving them;

4. No other deadlines are extended at this time; and

5. Defendant is directed to serve Plaintiff with a copy of Defendant's answer (ECF No. 48).

IT IS SO ORDERED.

Dated:   **October 27, 2022**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE